UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JUNIOR JUMPP

v.                          Case No. 3:13cv1806 (JBA)

JAMES C. ROVELLA, ET AL.

**RULING AND ORDER**

The plaintiff, Junior Jumpp, was incarcerated at Northern
Correctional Institution ("Northern") when he filed this civil
rights complaint *pro se* pursuant to 42 U.S.C. § 1983.  He
currently resides in Hartford, Connecticut.

The plaintiff asserts that Hartford Police Chief Rovella,
Police Sergeant Spell, Police Lieutenant Corl and Police Officers
Pia, Rodriguez, Pepler and Thorpe used excessive force against
him during his arrest and failed to provide him with medical
treatment for his injuries.  The plaintiff also sues Kimberly D.
Taylor who he identifies as a Senior Administrative Assistant for
the City of Hartford's Office of Corporation Counsel.

The Prison Litigation Reform Act amended the statute
governing proceedings filed *in forma pauperis*.  In relevant part,
Section 804(d) of the Prison Litigation Reform Act amended 28
U.S.C. § 1915 by adding the following subsection:

> (g)  In no event shall a prisoner bring a
> civil action or appeal a judgment in a civil
> action or proceeding under this section if
> the prisoner has, on 3 or more prior

1

occasions, while incarcerated or detained in
any facility, brought an action or appeal in
a court of the United States that was
dismissed on the grounds that it is
frivolous, malicious, or fails to state a
claim upon which relief may be granted,
unless the prisoner is under imminent danger
of serious physical injury.

This provision of the Prison Litigation Reform Act requires the denial of plaintiff's application to proceed *in forma pauperis* in this case.  The plaintiff previously has had three cases or appeals dismissed as frivolous prior to filing this action.  *See, e.g., Jummp v. Marinelli*, 3:13cv615(AWT) (complaint dismissed 6/28/13); *Jumpp v. Reyes*, 3:13cv637(AWT) (complaint dismissed 5/13/13); *Jumpp v. DOC*, 3:13cv505(AWT) (complaint dismissed 5/13/13).

Because the three strikes provision applies in this case, the plaintiff may not bring the present action without payment of the filing fee absent allegations of "imminent danger of serious physical injury."  *See Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) ("indigent three-strikes prisoner [may] proceed IFP in order to obtain a judicial remedy for an imminent danger").  To proceed without prepayment of the filing fee, the plaintiff must meet two requirements.  He must show (1) the imminent danger of serious physical injury he alleges is fairly traceable to unlawful conduct alleged in the complaint and (2) that a favorable judicial outcome would redress the injury.  *See*

2

*id.* at 296-97.  In addition, the danger of imminent harm must be present at the time the complaint is filed.  *See id.* at 296.

The plaintiff alleges that on August 16, 2011, he was driving a car in Hartford and noticed an unknown vehicle following him.  During his attempt to try to get away from this vehicle, he crashed his own vehicle.  He left his car at the scene of the accident and ran to the back yard of a house where defendants Corl and Rodriguez tackled him to the ground. Defendants Pia, Pepler and Thorpe punched and kicked the plaintiff as he lay on the ground.  After the defendants handcuffed the plaintiff, Officer Pia struck the plaintiff in the face.  The defendants escorted the plaintiff back to his vehicle and placed him under arrest for possession of a weapon in the trunk of the vehicle.

Defendant Spell refused to ensure that the plaintiff received medical attention for his injuries.  The plaintiff remained at the Hartford Police Station overnight and then officers transported the plaintiff to Hartford Correctional Center where he received treatment for his injuries.

Almost two years after the incident, the plaintiff filed a citizen complaint with defendant Rovella regarding the August 16, 2011.  In August 2013, the plaintiff received a letter from defendant Rovella indicating that a thorough investigation had

3

revealed that the actions of the officers involved in the incident were justified, lawful and proper.  It is unclear what role defendant Taylor played in the investigation of the plaintiff's complaint.  The plaintiff seeks monetary damages.

This incident involving the defendants occurred more than two years prior to the filing of the complaint.  There are no facts to suggest that the plaintiff was facing imminent serious physical injury or harm at the time he filed the complaint.

### Conclusion

The Order [**Doc. No. 6**] granting the plaintiff's Application to Proceed *In Forma Pauperis* is **VACATED**.  The Clerk is directed to contact the Connecticut Department of Correction and request that any funds collected from the plaintiff's inmate account pursuant to the plaintiff's Prisoner Authorization Form be returned to the plaintiff.  No further funds shall be collected from the plaintiff's prisoner account pursuant to the Prisoner Authorization Form.   The plaintiff's Application to Proceed *In Forma Pauperis* [**Doc. No. 2**] is **DENIED**.

All further proceedings in this matter shall be held in abeyance for twenty (20) days pending the plaintiff's delivery of the filing fee in the amount of $400.00 (cash, bank check or money order made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Boulevard, Bridgeport, CT  06604.  Failure

to tender the filing fee within twenty (20) days from the date of this Order, or by February 11, 2014, will result in the dismissal of this action.

SO ORDERED this 21st day of January 2014, at New Haven, Connecticut.

/s/
JANET BOND ARTERTON
UNITED STATES DISTRICT JUDGE